MEMORANDUM **
Rodolfo Ruiz Montes De Oca, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals *460 decision denying, as untimely and without merit, his motion to reopen proceedings to apply for protection under the Convention Against Torture (CAT), following the denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, He v. Gonzales, 501 F.3d 1128, 1130-31 (9th Cir.2007), and we deny the petition for review.
Montes De Oca contends his motion to reopen was timely because there is no time limit for motions to reopen that seek relief under the CAT, and because he only recently became aware of “widespread torture” in Mexico. The motion was untimely because Montes De Oca filed it outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2), which does not specifically exclude CAT claims from the time limit. Moreover, the exception to the time limit based on changed country conditions does not apply because Montes De Oca did not present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. See 8 C.F.R. § 1003.2(c)(3)(ii); He, 501 F.3d at 1131.
Montes De Oca also contends the Board erred in concluding that even if the motion to reopen were timely, he did not establish a prima facie case of eligibility for relief under the CAT. We are unpersuaded, because the generalized evidence attached to the motion did not establish Montes De Oca would more likely than not be tortured if removed to Mexico. See Nuru v. Gonzales, 404 F.3d 1207, 1216 (9th Cir.2005); Ordonez v. INS, 345 F.3d 777, 785 (9th Cir.2003) (requiring movant to establish prima facie case for eligibility for CAT relief).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.